UNITED STATES DISTRICT COURT
WESTERN DIVISION OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARY PATRICIA LEENERTS,              )<br>                                                            )<br>            Plaintiff                         )<br>                                                            )<br>v.                                                          )     Case No. 3:18-cv-765-DJH<br>                                                            )     *Filed Electronically*<br>                                                            )<br>MULTI PACKAGING SOLUTIONS OF    )<br>KENTUCKY, LLC,                            )<br>                                                            )<br>            Defendant                      )<br>                                                            ) | |

### **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Comes the Defendant, Multi Packaging Solutions of Kentucky, LLC, by counsel, and for its Reply in Support of Motion for Summary Judgment states as follows:

### **INTRODUCTION**

The entirety of Plaintiff's response is a plea to re-open discovery deadlines so that she can take depositions of two witnesses – both of whom were known to her in the year that this case has been pending. Plaintiff filed her 177-page complaint (with exhibits) in October, 2018, alleging various causes of action related to harassment and discrimination. In her complaint, she identifies her two supervisors, Mike Mullins ("Mullins") and Beth McShane ("McShane"), as individuals who were involved as key players in her claims. Specifically, she accused Mullins of engaging in conduct that amounted to sexual harassment, and McShane of being offered a position by Defendant solely to prevent Plaintiff from obtaining the position. In January, 2019, the parties met and agreed upon a scheduling order which included typical and common deadlines for the taking of discovery and the filing of dispositive motions. (DK 9). Thereafter, counsel for Defendant tendered discovery and in April, 2019, took Plaintiff's deposition. (DK 12). Counsel for Plaintiff

tendered no discovery and took no depositions. *After* the close of discovery, Plaintiff's counsel contacted the Court to request a hearing to re-open discovery to take depositions. After receiving potential dates, counsel for Plaintiff seemingly abandoned his request by not confirming a hearing date or otherwise pursing his request. Thereafter, on October 29, 2019, Defendant filed its Motion for Summary Judgment. Counsel for Plaintiff did not respond to the Motion, but requested this Court grant an extension to file a response out of time. This Court granted the Motion. Instead of filing a response to the substantive allegations and legal arguments set forth in the Motion for Summary Judgment, Plaintiff argues that the Motion is "premature" and that she needs to conduct discovery of two witnesses, Mullins and McShane. Plaintiff's counsel, however, does not set forth good cause for why these depositions could not have been taken prior to the close of discovery. Plaintiff has not shown good cause to re-open discovery, and this Court should therefore grant Defendant's Motion for Summary Judgment.

## ARGUMENT

Rule 16 allows for a Court to modify the scheduling order for "good cause," alone. (FRCP 16(b)(4). The Sixth Circuit has held that "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 Fed.Appx. 474, 478 (6th Cir. 2014).

The Sixth Circuit has set forth a standard for reviewing a trial court's denial of a motion to extend. In *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696-97 (6th Cir. 2011), the court set out five factors to consider:

> '(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to ... discovery requests….The overarching inquiry

> in these overlapping factors is whether the moving party was diligent in pursuing discovery.' Here, [plaintiff] filed his motion for an extension at 7:11 p.m. on the date of the non-expert discovery deadline. He made no effort to conduct discovery in the four and a half months allotted for non-expert discovery and offered no explanation for his lack of diligence.

(Citations omitted).

A party, through counsel, is obligated to know and understand what depositions are needed, and to take steps to secure discovery prior to the expiration of the deadlines agreed to by counsel. As illustrated in *Lemmon v. City of Akron*, 2017 WL 5901090 (N.D.Ohio Nov. 20, 2017), a plaintiff must show some due diligence in attempting to comply with the court-ordered deadlines. In that case, plaintiff's counsel requested an extension just days after the expert deadline passed, citing an inability to communicate with defense counsel due to medical reasons. The defendant opposed the motion, stating that plaintiff was well-aware of the need for an expert to prove damages from the outset of the case. The trial court agreed, holding that it was apparent from the outset of the case that an expert was needed and that plaintiff's counsel lacked due diligence in waiting until after the deadline passed to seek an extension.

Here, a plaintiff bears the burden of proving her case, and therefore, the need for depositions is far more routine and apparent than even the need to identify an expert. Although she argues that the depositions of Mullins and McShane did not appear to be "necessary" during the period of discovery, she has not asserted any factual basis for the argument. (DK 20, at 5). The identity and potential relevance of witnesses such as Mullins and McShane was known to Plaintiff and her counsel well-prior to the close of discovery. Indeed, Plaintiff accused Mullins of sexual harassment, and therefore, there is no argument that his deposition did not appear to be relevant. Similarly, Plaintiff accuses McShane of being awarded a position for which she was not qualified, and asserts that Defendant offered it to McShane to prevent Plaintiff from obtaining the

position. (DK 20, at 9). Moreover, Plaintiff's Complaint repeatedly mentions both Mullins and McShane as individuals who are responsible for the alleged wrong-doing, and as such, they were not tangential fact witnesses, nor were they witnesses who were unknown to the Plaintiff prior to the close of discovery. Considering Plaintiff's burden, she cannot reasonably argue that she was unaware that the testimony of these witnesses was relevant or necessary.[1]

Plaintiff has not demonstrated any of the factors for re-opening discovery. She was aware at the time she filed the Complaint that the depositions of the supervisors would be necessary, the discovery period was sufficient to obtain the depositions, and her counsel was not diligent in seeking discovery, waiting until after the expiration of the discovery deadline to request depositions. Accordingly, Plaintiff has not shown good cause for her failure to obtain *any* discovery, much less the depositions of individuals whom she believes are key witnesses.

Plaintiff's argument that the Motion is premature, or that she did not have an opportunity to conduct discovery, has no basis in fact. Plaintiff's counsel agreed to the scheduling order allowing for nine months in which to take depositions and otherwise participate in discovery. Plaintiff's deposition was taken in April, 2019, leaving her six months to obtain or request discovery. The dispositive motion deadline was also agreed to by counsel. Plaintiff had a sufficient opportunity to conduct discovery, and she choose not to obtain a single deposition without good cause. Accordingly, this Court should deny her request to re-open discovery and to hold the Motion for Summary Judgment in abeyance.

Plaintiff briefly addresses the substance of the Motion for Summary Judgment, without proof, by arguing that a genuine issue of material fact exists. She does not address any of the legal

---

[1] Defendant would assert that the depositions of these witnesses were actually unnecessary. Plaintiff's testimony clearly establishes that there is no genuine issue of material fact, and her admissions make it impossible for a jury to find in her favor on her legal claims.

arguments asserted or case law cited by Defendant. In addition, she does not provide this Court with anything other than a reference to the bare allegations in her Complaint, and her opinion as to the facts, in opposition to the Motion. Without more, Plaintiff has failed to meet her burden. For the sake of brevity, Defendant will not repeat those arguments here, but instead relies upon its Memorandum in Support of Summary Judgment.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court deny Plaintiff's request to re-open discovery and to hold the Motion for Summary Judgment in abeyance, and instead, grant Defendant's Motion for Summary Judgment.

Respectfully Submitted

*/s/ Cynthia L. Effinger*
CYNTHIA L. EFFINGER
MCBRAYER PLLC
500 W. Jefferson Street, Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
ceffinger@mcbrayerfirm.com
***Counsel for Defendant***

## **CERTIFICATE OF SERVICE**

      It is hereby certified that a true and correct copy of the foregoing has this 6th day of December 2019 been served via electronic filing and/or U.S. mail upon the following:

Timothy Denison
235 S. Fifth Street, Third Floor
Louisville, KY 40202
***Counsel for Plaintiff***

                                              */s/ Cynthia L. Effinger*
                                              ***Counsel for Defendant***